UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DWAYNE DELESTON,                                   Civil No. 11-1205 (RHK/SER)

               Petitioner,

     v.                                                    **REPORT AND RECOMMENDATION**

FEDERAL BUREAU OF PRISONS,

               Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be dismissed summarily pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.      BACKGROUND

Petitioner is an inmate at the Federal Correctional Institution in Sandstone, Minnesota. He is serving a 240-month prison sentence that was imposed in a criminal action brought against him in the United States District Court for the District of South Carolina.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); *Mickelson v. United States*, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; *Bostic v. Carlson*, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); *Rothstein v. Pavlick*, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

This is (at the very least) Petitioner's third § 2241 habeas corpus case. Earlier this year, he filed a § 2241 habeas corpus petition in this District, (*Deleston v. Federal Bureau of Prison*, Civil No. 11-711 (RHK/SER)), which was summarily dismissed just a few weeks ago. In that case it was noted that Petitioner had previously commenced another § 2241 action in the District of South Carolina. In the South Carolina habeas action, the Court provided the following history of Petitioner's underlying criminal case:

> "On October 30, 2000, the petitioner pled guilty to one count of possessing with intent to distribute 50 grams or more of crack cocaine. On January 19, 2001, he was sentenced to the statutory mandatory minimum of 240 months imprisonment. The United States Court of Appeals for the Fourth Circuit denied his direct appeal on November 30, 2001, and the United States Supreme Court denied certiorari on April 1, 2002. [*United States v. Deleston*, 22 Fed.Appx. 206 (4th Cir. 2001) (unpublished opinion), *cert. denied*, 535 U.S. 977 (2002).]
>
> On January 2, 2002, the petitioner filed a motion pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 1651(a), which the court construed as a 28 U.S.C. § 2255 motion and dismissed on November 12, 2002. The petitioner subsequently filed a § 2255 motion on November 18, 2002, and the court dismissed that motion as successive. The petitioner appealed those decisions, and the Fourth Circuit vacated and remanded, determining that the petitioner was entitled to notice of the court's decision to re-characterize his first motion and the consequences of doing so. *United States v. Deleston*, 116 Fed. Appx. 454, 2004 WL 2677050 (4th Cir. Nov.24, 2004). The petitioner then filed another § 2255 motion on December 20, 2004, which the court considered on the merits and dismissed on May 2, 2005.
>
> Despite the dismissal of his § 2255 motion on the merits, the petitioner has continued to file § 2255 motions (either explicitly titled as such or otherwise so designated by the court). One such motion was filed on June 8, 2009, accompanied by a motion for an evidentiary hearing, and a motion for recusal. The court dismissed the § 2255 motion, and denied the petitioner's motions for evidentiary hearing and for recusal on December 9, 2009. The petitioner then filed a § 2241 petition six days after that order was entered. Deleston now files the instant § 2241 petition in another attempt to set aside his conviction and sentence."

*Deleston v. Warden*, C/A No. 6:10-2036-DCN-KFM, (D.S.C. Sept. 8, 2010), 2010 WL 3825399 at *1.

2

In the latest § 2241 habeas petition that is now before this Court, Petitioner is attempting, yet again, to challenge his 2001 South Carolina criminal conviction and sentence. The current petition lists two claims for relief, which, repeated verbatim and in their entirety, are as follows:

(1) "DENIAL OF RIGHT TO INSPECT GRAND JURY VOTING RECORD VIOLATES PETITIONER'S RIGHT TO HAVE ACCESS TO EXCULPATORY EVIDENCE (BRADY MATERIAL). Upon petitioner's request to inspect the grand jury ballot in return indicating the number of jurors concurring in the second superseding indictment no. 2-99-cr-751-6, to determine that the indictment was found upon the concurrence of 12 or more jurors the prosecution denied him his right to inspect voting records without an explanation. The prosecutorial conduct violates U.S. Attorneys' Manual §9-5.001 where petitioner has a right to have disclosure of exculpatory and impeachment evidence."

(2) "INNOCENT OF THE STATUTORY 'OFFENCE' OF BEING A §851 OFFENDER AND WAS SENTENCED FOR A NONEXISTENT OFFENSE. Petitioner is innocent of the statutory offense of being a §851 offender and was sentenced, in part, for a nonexistent offense... being a §851 offender with no timely information filed under §851 on the case non. 2:99-cr-751-6 electronic docket entry... as equivalent to the filing of charges violates U.S. Attorney's Manual §9.27.300(B) (as visited on June 3, 2010). The act of being a §851 offender is essentially a separate offense, with separate element (filing timely notice prior to plea) which must be proved, for which separate and additional punishment is provided."

(Petition, [Docket No. 1], p. 3, § (9).)

The Court finds, however, that Petitioner's current challenges to his 2001 federal criminal conviction and sentence cannot be brought in a § 2241 habeas corpus petition, for the reasons discussed below.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005). Subsection 2255(e) provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized
> to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be
> entertained if it appears that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, or that such court has denied him relief, unless it
> also appears that the remedy by motion is inadequate or ineffective to test the legality
> of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (*per curiam*), quoting 28 U.S.C. § 2255. *See also Von Ludwitz v. Ralston*, 716 F.2d 528, 529 (8th Cir. 1983) (*per curiam*) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (*Abdullah*, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his 2001 conviction and sentence in his South Carolina federal criminal case. He claims that (1) the prosecution failed to give him "the grand jury ballot," and thereby deprived him of exculpatory and impeachment evidence in violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and (2) to the extent that his sentence was enhanced based on a prior conviction, he was "sentenced for a nonexistent offense," because the prosecution did not file an information giving notice of the prior

conviction as required by 21 U.S.C. § 851.  Because Petitioner is directly challenging the validity of his conviction and sentence in the original trial court proceedings, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there.  Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief in the past, (apparently on multiple occasions) .  Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without prior approval by the Circuit Court of Appeals for the circuit where Petitioner was convicted.  28 U.S.C. §§ 2244(b)(3) and 2255(h).

Without a pre-approval order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion.  *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *see also Boykin v. United States*, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion).  Because the instant Petitioner has not obtained a pre-approval order from the Fourth Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time.  *Id.*  Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

Furthermore, it clearly appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred by one-year statute of limitations applicable

5

to § 2255 motions.  28 U.S.C. § 2255(f).  For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Petitioner might believe that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his conviction and sentence in a § 2241 habeas proceeding, simply because he is not presently eligible for relief under § 2255, due to the restrictions on successive motions and the one-year statute of limitations.  That reasoning must be rejected.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded.  Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). *See also Hill*, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); *Abdullah*, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); *United States ex rel*

*Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), *cert. denied*, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re: Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." *Abdullah*, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in his direct appeal, and again in his various § 2255 motions. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current claims in his direct appeal or his prior § 2255 motions. *See Hill*, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

Here, as in *Abdullah*, Petitioner had an opportunity to present his current arguments on direct appeal, and in his past § 2255 motions. As the Court of Appeals pointed out in *Abdullah* –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting *Wolford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on *Abdullah*, the Court finds that the savings clause is not applicable for Petitioner's

7

current claims, because he has not shown that his claims are based on any recent change in the law. Petitioner offers a conclusory averment that "circuit law foreclosed [his second habeas] claim at the time it otherwise would have been raised at sentencing, on appeal or first § 2255." (Petition, p. 4, § (14).)  However, Petitioner has offered **nothing** to support that proposition.  He has not cited any specific old "circuit law" that would have prevented him from previously raising "Ground Two" of his current petition; nor has he cited any new case that effectively overturns the old law that purportedly prevented him from raising Ground Two in some earlier (and more appropriate) proceeding.  Thus, the Court rejects Petitioner's conclusory contention that he had no previous opportunity to present Ground Two of his current petition.[2]

Petitioner has not even attempted to argue that Ground One of his current petition, (pertaining to the prosecution's alleged failure to comply with *Brady*'s disclosure requirements), could not have been raised on direct appeal, or in a timely § 2255 motion.  He contends that "(1) post-conviction access to exculpatory evidence is the subject of civil rights actions where denial of access to exculpatory evidence would undermine the conviction validity," and "(2) *Brady* claims rank within the traditional core of habeas corpus and outside the province of § 2255." (Petition, p. 4, § (14).)  Neither of these nonsensical and unsupported arguments explains why Petitioner waited

---

[2]  The Court further notes that Ground Two of the current petition is wholly meritless in any event.  The trial court record in Petitioner's South Carolina criminal case, (which is accessible to the Court by means of the CM/ECF electronic filing program), shows that the prosecution **did** file the information required by § 851 well in advance of Petitioner's guilty plea.  (*United States v. Deleston*, Crim. No. 2:99-751-DCN, [District of South Carolina], Information filed June 12, 2000, [Docket No. 418].)  Therefore, Petitioner has no grounds for challenging his sentence based on the § 851 information requirement.

more than ten years after he was convicted before raising his current *Brady* claim.[3]

Because Petitioner had an adequate procedural opportunity to raise all of his current claims in the past, he is barred from bringing those claims in a new § 2241 habeas corpus petition at this time.

## III.   CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his 2001 conviction and sentence in his criminal case in the District of South Carolina; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule; and (5) because Petitioner has already had an adequate procedural opportunity to present his current claims, he cannot bring them in a § 2241 habeas corpus petition.  Thus, the Court concludes that Petitioner's current habeas corpus petition cannot be entertained here, and that this action must be summarily

---

[3] Ground One of the current petition is also meritless in any event.  Petitioner contends that the prosecution violated its *Brady* obligations by failing to disclose "the grand jury ballot" showing "the number of jurors concurring in the second superseding indictment."  (Petition, p. 3, § (9).)  As a result, Petitioner supposedly was deprived of "exculpatory and impeachment evidence."  (*Id.*)  However, Petitioner has made no effort to explain how the grand jury's voting ballot could have helped to show that he did not commit a crime that he has confessed to have committed.  Nor has Petitioner explained how the grand jury's voting ballot could have impeached any evidence that might have been offered to prove his guilt.  Quite simply, there is no reason to believe that the voting record of the grand jury could have helped Petitioner show that he was innocent of the crime to which he pled guilty.

dismissed for lack of jurisdiction. *See DeSimone*, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); *Abdullah*, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application to proceed *in forma pauperis*, (Docket No. 2), be summarily denied. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Kruger v. Erickson*, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (*per curiam*) (IFP application should be denied where habeas petition cannot be entertained).

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for leave to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**; and

2.  Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction.

Dated: June 6, 2011

 s/Steven E. Rau

STEVEN E. RAU
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 13, 2011**, a writing which specifically identifies

those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.